**LANE & NACH, P.C.**
2001 E Campbell Avenue, Suite 103
Phoenix, AZ 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003

Paul M. Hilkert – 028934
Email: paul.hilkert@lane-nach.com
Greg Grandmont – 032109
Email: greg.grandmont@lane-nach.com

*Attorneys for Constantino Flores, Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | (Chapter 7 Case) |
| TANGA.COM, LLC, | **No. 2:18-bk-06314-BMW** |
| Debtor. | *Adversary No.* |
| CONSTANTINO FLORES, CHAPTER 7 TRUSTEE, | **COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENCE** |
| Plaintiff, | **(11 U.S.C. §§ 547, 550, and 551)** |
| vs. | |
| RELIABLE KNITTING WORKS, doing business as RELIABLE OF MILWAUKEE, a Wisconsin Corporation, | |
| Defendant. | |

Constantino Flores, Chapter 7 Trustee and Plaintiff herein ("**Plaintiff**"), by and through his attorneys undersigned, for his Complaint against the above named Defendant, respectfully alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2)(A), (F) and (H).

2. Plaintiff consents to the jurisdiction of this Court pursuant to Fed.R.Bankr.P. 7008.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1409.

4. Pursuant to Federal Rule of Bankruptcy Procedure 7001, a proceeding to recover money or property is governed by Part VII of the Federal Rules of Bankruptcy Procedure.

5. Plaintiff is permitted to commence this adversary proceeding on behalf of the Estate pursuant to Federal Rule of Bankruptcy Procedure 6009.

6. This case was commenced by a voluntary petition filed by Tanga.com, LLC ("**Debtor**") under Chapter 11 of Title 11 of the United States Code on June 1, 2018 and subsequently converted to Chapter 7 on May 24, 2019 ("**Petition Date**").

7. Plaintiff is the duly appointed and acting Trustee.

8. Upon information and belief, Defendant Reliable Knitting Works, doing business as Reliable of Milwaukee, ("**Reliable**") is a Wisconsin Corporation.

9. Upon information and belief, all events complained of herein occurred in either the District of Arizona or the District of Wisconsin.

## GENERAL ALLEGATIONS

10. Plaintiff hereby repeats, reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

11. Debtor was a wholesale reseller of goods that utilized an Internet web page based platform as a virtual storefront.

12. During the period from approximately March 3, 2018 through June 1, 2018, Reliable shipped various goods to consumers who had made purchases from Tanga.com, the Debtor's website.

13. During the period from approximately March 3, 2018 through June 1, 2018, Debtor remitted the following payments to Reliable:

| Payment Date | Payment Amount |
|---|---|
| 03/20/2018 | $ 18,589.74 |
| 03/29/2018 | $ 31,787.25 |
| 03/29/2018 | $ 3,068.23 |
| 04/10/2018 | $ 1,924.94 |
| 04/16/2018 | $ 1,521.95 |
| 04/16/2018 | $ 2,496.72 |
| 04/19/2018 | $ 4,015.93 |
| 04/24/2018 | $ 7,500.00 |
| 04/30/2018 | $ 7,500.00 |

| | |
|---|---|
| 05/07/2018 | $ 7,500.00 |
| 05/12/2018 | $ 4,815.93 |
| 05/12/2018 | $ 1,593.36 |
| 05/12/2018 | $ 1,090.71 |
| Total | $ 93,404.76 |

Collectively the foregoing payments are hereinafter referred to as "**Transfers**".

14. Plaintiff asserts that the Transfers are avoidable and recoverable from Reliable pursuant to 11 U.S.C. §§ 547, 550, and 551.

**COUNT ONE**
**AVOIDANCE AND RECOVERY OF PREFERENCES**
**[11 U.S.C. §§ 547, 550 and 551]**

15. Plaintiff hereby repeats, reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

16. Upon information and belief, the Transfers were made to or for the benefit of Reliable pursuant to 11 U.S.C. § 547(b)(1).

17. Upon information and belief, the Transfers were made for or on account of an antecedent debt due from Debtor to Reliable pursuant to 11 U.S.C. § 547(b)(2).

18. Upon information and belief, pursuant to documentation provided by Debtor, Debtor was delinquent on payments to its creditors at the time of the Transfers and Debtor's liabilities exceeded its assets at the time of the Transfers, and therefore Debtor was insolvent when the Transfers were made pursuant to 11 U.S.C. § 547(b)(3). Moreover, Debtor is presumed to have been insolvent when the Transfers were made pursuant to 11 U.S.C. § 547(f).

19. The Transfers were made less than ninety (90) days prior to the Petition Date, and therefore the Transfers fall within the preference period as set forth in 11 U.S.C. § 547(b)(4)(A).

20. Pursuant to 11 U.S.C. § 547(b)(5), the Transfers enabled Reliable to obtain more than it would have received under Chapter 7 of Title 11, United States Code, if the Transfers had not been made and if Reliable had received payment of such debt to the extent provided by Chapter 7 of Title 11 of the United States Code.

21. Pursuant to 11 U.S.C. §550, Plaintiff may recover the Transfers or their equivalent value from Reliable as the beneficiary and initial transferee of the Transfers.

22. Pursuant to 11 U.S.C. § 551, upon avoidance, the Transfers are preserved for the benefit of the Estate.

WHEREFORE, Plaintiff prays for judgment against Reliable as follows:

A. Avoiding the Transfers to Reliable in the amount of $93,404.76 pursuant to 11 U.S.C. § 547(b);

B. Awarding Plaintiff the equivalent value of the Transfers in the amount of $93,404.76 pursuant to 11 U.S.C. §550;

C. Preserving the Transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551;

D. For interest on said sum from the earliest date allowed by law until paid at the highest rate allowed by law; and

E. For such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 29th day of January 2020.

                            LANE & NACH, P.C.

                            By /s/ Paul M. Hilkert - 028934
                                  Paul M. Hilkert
                                  Greg Grandmont
                                  Attorneys for Plaintiff